# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK E. WESTRIP,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:18-CV-1093-DMC

MEMORANDUM OPINION AND ORDER

       Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (ECF Nos. 8 and 9), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (ECF Nos. 15 and 18).

       The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

Step 1      Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2      If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

Step 3      If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted;

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

///
///
///
///

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on February 3, 2015. See CAR 15.[1] In the application, plaintiff claims disability began on November 1, 2014. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on December 8, 2016, before Administrative Law Judge (ALJ) Mary M. French. In a May 24, 2017, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): seizure disorder; status post hernia repair; history of colon cancer in 1997; obesity; and adjustment disorder, mixed, with both depression and anxiety;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: medium work; the claimant can lift and carry 25 pounds occasionally and 20 pounds frequently; he can stand and/or walk for six hours in an eight-hour workday; he can sit for more than six hours in an eight-hour workday; he can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; the claimant can never climb ladders, ropes, and scaffolds; the claimant should avoid concentrated exposure to hazards such as machinery and heights; the claimant can understand, remember, and carry out simple tasks and instructions; he is unable to engage in contact with the general public; the claimant needs a low stress environment defined as one with few changes;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant is capable of performing his past relevant work as a cashier and sales clerk.

See id. at 17-26.

After the Appeals Council declined review on March 27, 2018, this appeal followed.

/ / /

/ / /

/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on September 4, 2018 (ECF No. 12).

4

## III. DISCUSSION

In his opening brief, plaintiff argues the ALJ erred by implicitly rejecting portions of the opinions expressed by Drs. Sunde and Colsky regarding plaintiff's mental capabilities.

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ also errs by failing to set forth sufficient reasons for crediting one medical opinion over another. See id.

Under the regulations, only "licensed physicians and certain qualified specialists" are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Where the acceptable medical source opinion is based on an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it rests on his own independent examination of the claimant." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinions of non-examining professionals may also constitute substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Social workers are not considered an acceptable medical source. See Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010). Nurse practitioners and physician assistants also are not acceptable medical sources. See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Opinions from "other sources" such as nurse practitioners, physician assistants, and social workers may be discounted provided the ALJ provides reasons germane to each source for doing so. See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance when opinions from "other sources" may be considered acceptable medical opinions).

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than

the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

///
///
///

At Step 4, the ALJ considered the medical opinions of record in determining plaintiff's residual functional capacity. See CAR 23-24. As to Dr. Sunde, the ALJ stated:

> . . .[O]n June 23, 2015, Dr. Sunde performed a psychological consultative examination of the claimant. Dr. Sunde opined the claimant was moderately impaired in his ability to understand, remember, and complete complex commands. He opined the claimant was mildly impaired in his ability to interact appropriately with supervisors, coworkers, and the public. Dr. Sunde opined the claimant was mildly impaired in his ability to comply with job rules, such as safety and attendance. He opined the claimant was moderately limited in his ability to respond to change in a normal workplace setting and at least moderately impaired in his ability to maintain persistence and pace. (Ex. 4F). The undersigned gives great weight to the opinions of Dr. Sunde, to the extent they ae consistent with the above residual functional capacity, as they are consistent with the objective medical record as a whole. Specifically, the objective mental status examination of the claimant, as discussed above, which indicated that the claimant was limited as Dr. Sunde opined. (Exs. F4; 9F, pg. 6). Further, Dr. Sunde examined the claimant prior to providing his opinions and supported them with a detailed report of the examination. Lastly, his opinions are consistent with the claimant's lack of mental health treatment.

Id. at 23.

As to Dr. Colsky, the ALJ stated:

> State agency consultant, L. Colsky, M.D., opined the claimant was able to understand and remember one to two step tasks and instructions. Dr. Colsky opined the claimant could maintain concentration and attention for such tasks in two-hour increments and sustain 8-ght [sic] hours a day for a 40-hour workweek. Dr. Colsky opined the claimant was able to relate to and accept direction from supervisors. Dr. Colsky opined the claimant would not be able to remain socially appropriate with coworkers and the public without being distracted by them. Dr. Colsky opined the claimant was able to travel, avoid workplace hazards, respond to changes, and set realistic goals independently. The undersigned gives great weight to the opinions of Drs. [sic] Colsky, as they are consistent with the objective medical record as a whole. As discussed above, the objective mental status examinations of the claimant that demonstrated he was limited as Dr. Colsky opined (Exs. 4F; 9F, pg. 6). Further, as a state agency consultant, Dr. Colsky has knowledge of the disability program and its requirements. Lastly, the claimant's lack of mental health treatment is consistent with Dr. Colsky's opinions.

Id. at 24.

Plaintiff argues the ALJ erred by failing to provide any reasons for rejecting Dr. Sunde's opinion that plaintiff has at least moderate limitations in his ability to maintain persistence and pace. Plaintiff further contends the ALJ erred by rejecting without explanation Dr. Colsky's opinion plaintiff is unable to remain socially appropriate with co-workers.

7

The ALJ concluded plaintiff has the mental residual functional capacity to understand, remember, and carry out simple tasks and instructions. See CAR 20. The ALJ also found plaintiff is unable to engage in contact with the general public. See id. Finally, the ALJ determined plaintiff requires a work environment with few changes. See id. Though the ALJ purports to accept all of the opinions expressed by Drs. Sunde and Colsky, the ALJ's residual functional capacity assessment does not include Dr. Sunde's limitations in persistence and pace, nor does it include Dr. Colsky's limitations in ability to interact appropriately with co-workers. To the extent the ALJ rejected these limitations, she erred by failing to articulate any reasons for doing so. See Magallanes, 881 F.2d at 751-55.

Defendant's argument, that the ALJ's limitation to simple tasks in a work setting with few changes encapsulates the specific limitations opined by Drs. Sunde and Colsky, is not persuasive. As to Dr. Sunde's assessment of plaintiff's ability to maintain persistence and pace, Dr. Colsky noted plaintiff could only maintain such tasks in two-hour increments. Thus, there is evidence of record describing a significant limitation in concentration not captured by a general finding plaintiff can perform simple tasks on a sustained basis. Further, Dr. Colsky opined plaintiff would be unable to remain socially appropriate with both co-workers and the general public. While the ALJ specifically accounted for the limitation to contact with the general public, the ALJ did not include a limitation as to co-workers even though both limitations were expressed by Dr. Colsky. The ALJ's finding that plaintiff can perform simple tasks in a work setting with few changes does nothing to encapsulate Dr. Colsky's specific opinion regarding co-worker contact. This is particularly so given the ALJ addressed public contact as a separate limitation, indicating the ALJ did not feel a limitation to simple tasks in a work setting with few changes captured the doctor's limitation to public contact.

The matter will be remanded to allow the Commissioner to re-evaluate the opinions of Drs. Sunde and Colsky, particularly the doctors' opinions regarding plaintiff's ability to maintain persistence and pace and interact with co-workers.

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;
2. Defendant's motion for summary judgment (ECF No. 18) is denied;
3. The Commissioner's final decision is reversed and this matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: May 20, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE